IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 04-cv-01576-MSK-PAC

CHRISTINE NYE,

    Plaintiff,

v.

WARDEN JOAN SHOEMAKER,
WARDEN NOBLE WALLACE,
DANIEL GALLEGOS, and
JOE ORTIZ,

    Defendants.

_____

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND DISMISSING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the April 29, 2005 Report and Recommendation **(# 23)** of United States Magistrate Judge Patricia A. Coan that the Complaint be dismissed for failure to comply with the Court's Order to Show Cause **(# 22)** regarding the Plaintiff's non-payment of the monthly filing fee.

More than 10 days have passed since the service of the Recommendation, and no party has filed any objections. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

The sanction to be imposed on a litigant for failing to comply with an Order of the Court is determined by consideration of the *Ehrenhaus* factors. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992); *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir.1994). Under *Ehrenhaus*, the Court considers: (i) the degree of actual prejudice to the other party; (ii) the degree of prejudice to the judicial process; (iii) the culpability of the litigant; (iii) whether the Court warned the party in advance of the consequences for non-compliance; and (iv) the efficacy of lesser sanctions. 965 F.2d at 921. In weighing these factors, the Court is mindful that dismissal of an action is the ultimate sanction, and should be the punishment of last resort when no lesser sanctions would be effective. *Oklahoma Federated Gold and Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993). However, once the aggravating factors outweigh the judicial system's strong preference for resolving cases on their merits, dismissal becomes an appropriate remedy. *Ehrenhaus*, 965 F.2d at 921. In addition, the Court is mindful of the Plaintiff's *pro se* status, and reads her pleadings liberally as a result. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, such liberality does not relieve the Plaintiff of the obligation to comply with the Court's rules and Orders. *Id.*

The Plaintiff's objectionable conduct is twofold: failure to make regular payments towards the filing fee, and failure to respond to Magistrate Judge Coan's Order to Show Cause. Neither failure directly prejudices the Defendants, but both types of conduct cause great harm to the judicial process. The refusal of an incarcerated person to make periodic payments towards the filing fee as required by 28 U.S.C. § 1915(b) undercuts the Court's ability to carry out Congress' statutory mandates in an efficient and uniform manner and deprives the Court of revenue. The

refusal of a party to comply with an Order directing a response from the party threatens the ability of the Court to effectively and efficiently manage its caseload. The Court finds that the Plaintiff is entirely culpable for both failings, as she was adequately served with Judge Coan's Order to Show Cause at her address of record. The Plaintiff has come forward with no explanation or justification for her failure to comply with the Order to Show Cause. The Court also finds that the Order to Show Cause advised the Plaintiff of the possibility of dismissal for failing to comply.

Finally, the Court turns to the question of whether a sanction short of dismissal is appropriate. The Court finds no alternative sanction will adequately remedy the prejudice to the judicial system. The Plaintiff has already been given a warning regarding her failure to remit payment and been given an opportunity to cure, and she has not done so. Further warnings are unlikely to be availing, particularly in light of the Plaintiff's silence in response to the Magistrate Judge's Recommendation of dismissal. Monetary sanctions would clearly be ineffectual, given the Plaintiff's indigence, incarceration, and intransigence. A remedy limiting the Plaintiff's ability to present evidence would not bear any reasonable relationship to the nature of her objectionable conduct. Accordingly, the Court concludes that dismissal of the Complaint is the only reasonable sanction.

For the foregoing reasons, the Court **ADOPTS** the Recommendation **(# 23)**. The Complaint **(# 3)** is **DISMISSED**, both for failure to remit periodic payments towards the filing fee

as required by 28 U.S.C. § 1915(b) and for failure to comply with the Court's March 8, 2005 Order to Show Cause. The Clerk of the Court is directed to close this case.

Dated this 22nd day of June, 2005.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge